

1000 Maine Ave. SW
Suite 450
Washington, D.C. 20024

Matthew M. Collette
mcollette@masseygail.com
(202) 795-3326

July 12, 2020

**VIA ECF**                                                    **CORRECTED**

Christopher G. Conway
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

      Re:    Peterson v. Barr, 7th Cir. No. 20-2252.

Dear Mr. Conway:

      Plaintiffs write in response to the government's letter informing the court of supplemental authority, which discusses the updated declaration of Rick Winter in *Hartkemeyer v. Barr*, No. 2:20-cv-00336 (S.D. Ind.). For the Court's convenience, we attach that declaration. We also note that the government relied upon Mr. Winter's previous *Hartkemeyer* declaration in the district court.

      Contrary to the government's assertion, we submit that the developments discussed in Mr. Winter's updated declaration are relevant here. Mr. Winter discloses that a staff member at FCC Terre Haute recently tested positive for COVID-19. Although Mr. Winter points out that the staff member (who did not wear a mask at times) did not meet with the execution protocol team or access the execution facility, it does not account for the many people that the staff person encountered before learning of his positive test. Mr. Winger further notes that the staff person was involve with others in planning regarding the execution, and was also present on death row (the "SCU"). In Plaintiffs' view, this new development merely underscores the dangers plaintiffs face in traveling to and attending the execution.

                            Sincerely yours,

                            /s/ *Matthew M. Collette*

                            Matthew M. Collette
                            MASSEY & GAIL LLP
                            1000 Maine Ave SW, Suite 450
                            Washington, D.C. 20005
                            (202) 652-4511
                            mcollette@masseygail.com

cc: Counsel (via ECF)                    *Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

|  |  |
|---|---|
| DALE HARTKEMEYER (AKA SEIGEN) | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )   Case No. 2:20-cv-00336-JMS-MJD |
| WILLIAM P. BARR, ET AL, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

## DECLARATION OF RICK WINTER

I, Rick Winter, do hereby declare and state as follows:

1.  I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as Regional Counsel for the BOP's North Central Region.  I have held this position since October 2016.  I have been employed by the BOP since 1994.

2.  The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3.  I previously provided a declaration in this matter stating that "as of July 2, 2020, ninety two staff members at FCC Terre Haute have been tested for COVID-19.  Of those, one staff member at the FCI previously tested positive but has recovered.  At the USP, no staff members have tested positive for COVID-19.  No FCC staff members are currently positive for COVID-19."  See ECF No. 33, Ex. A ¶ 7.

4.  On the morning of July 8, a BOP staff member at FCI Terre Haute learned that individuals with whom he visited the prior weekend tested positive for COVID-19.  The staff member

1

immediately left work, which was at 11:30 a.m., and entered self-quarantine (i.e., he has not returned to FCI Terre Haute since departing on July 8).

5. On the evening of July 11, the staff member informed BOP that he received a positive COVID-19 test result earlier that day.

6. Between the staff member's potential exposure and his departure on July 8, he, among other things, attended the law enforcement meeting with outside law enforcement in preparation for the scheduled executions; attended a meeting regarding the handling of demonstrators at the scheduled executions; and attended to an issue at the SCU.

7. Although the staff member did not wear a mask at all times during this period, he did not come into contact with the BOP execution protocol team, which arrived the afternoon of July 8 (i.e., after the staff member had departed), nor does he recall coming into contact with any members of the Crisis Support Team (CST), who are involved in victim witness transportation and logistics.

8. During this period, the staff member did not visit the execution facility or the adjacent command center, nor does he recall being in the witness staging area or any of the vehicles that will transport witnesses for the executions.

9. BOP is taking steps to determine with whom the staff member was in contact, and will follow guidelines issued by the Centers for Disease Control and Prevention. For the duration of the execution or until a negative test is obtained, BOP will ensure that those staff members identified as having had contact with the infected staff member do not have contact with the inmates scheduled for execution, ministers of record, witnesses of the execution, attorneys, or press.

10. BOP will continue to perform the mitigation measures identified in my prior declaration dated July 6, including temperature check and symptom screen all individuals arriving at

FCC Terre Haute and disinfecting all areas that will be visited by ministers of record, witnesses of the execution, attorneys, and press.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 12th day of July 2020.

Rick Winter (JC)

Rick Winter
Federal Bureau of Prisons